## John M. NASSIF, M.D., Plaintiff—Appellant,

v.

## HARTFORD LIFE INSURANCE COMPANY OF AMERICA, Defendant–Appellee.

No. 03–55328.

D.C. No. CV–01–01759–RMB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 21, 2004.

Robert K. Scott, Esq., The Law Offices of Robert K. Scott, Irvine, CA, for Plaintiff–Appellant.

1. 29 Cal.2d 709, 177 P.2d 918, 926–27 (1947).

2. *Carter v. Giurbino*, 385 F.3d 1194, 2004 WL 2220970 (9th Cir.2004).

Daniel W. Maguire, Esq., Galton & Helm LLP, Palm Desert, CA, for Defendant–Appellee.

Before T.G. NELSON, WARDLAW, and BERZON Circuit Judges.

## MEMORANDUM *

John Nassif, M.D., appeals the district court's decision to grant summary judgment in favor of Hartford Insurance Company of America. We affirm on the ground that the parties rescinded the insurance contract.

Because the facts are known to the parties, we do not recite them here. We review the district court's grant of summary judgment *de novo*.[1] We conclude that no genuine issue of material fact exists.[2]

Hartford sought to rescind when it sent Nassif the letter of September 16, 1998 and the accompanying premium refund check.[3] Nassif accepted the rescission when he cashed the premium refund check without objecting to the conditional nature of the payment.[4] Nassif had knowledge of the contents of the September 16, 1998 letter and did not inadvertently cash the check.[5] In the absence of a valid contract, Nassif's breach of contract and bad faith claims fail.[6] Thus, the district court properly granted summary judgment in favor of Hartford.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001).

2. *Id.*

3. *See* CAL. CIVIL CODE § 1691.

4. *See* CAL. CIVIL CODE § 1689(a); *Teledyne Mid–America Corp. v. HOH Corp.*, 486 F.2d 987, 994 (9th Cir.1973) (stating that cashing of a check with knowledge that it was a conditional payment constituted acceptance of a contract offer).

5. *Cf. Red Alarm, Inc. v. Waycrosse, Inc.*, 47 F.3d 999, 1003 (9th Cir.1995) (stating that automatic deposit of a check without knowledge that it was a conditional payment did not manifest acceptance when, upon learning of the compromise letter's contents, the company promptly objected).

6. *See Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 639 (1995).

